UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TONG VANG,

                     Petitioner,

        v.

BRUCE SCOTT, *et al.*,

                     Respondents.

Case No. C26-690-MLP

ORDER

This matter is before the Court on Petitioner Tong Vang's Motion for Temporary Restraining Order. (Dkt. # 12.) Having reviewed the motion and the relevant record, the Court PROVISIONALLY GRANTS the Motion (dkt. # 12), pending the Court's final ruling on the Motion.

Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington. On March 17, 2026, Respondents filed a Notice of Intent to Remove Petitioner from the United States "on or after March 20, 2026." (Dkt. # 11.) On March 18, 2026, Petitioner filed the instant Motion, requesting Respondents be prohibited from removing him until a San Diego Immigration Court ruling on his pending emergency motions, expected on or shortly after March 23, 2026. (*Id.*) Petitioner's

ORDER - 1

counsel states in a declaration that she filed the emergency motions on March 10, 2026, and the Immigration Judge indicated that she would not rule on the emergency motions until the government had ten days' notice. (Boxeth Decl. (dkt. # 13), ¶¶ 2, 4.) Petitioner contends that, based on the motions before the Immigration Court, there is no longer any legal basis to remove him and his legal permanent status will be restored. (Dkt. # 12 at 2-3.)

Respondents argue this Court does not have jurisdiction to adjudicate Petitioner's Motion. (Dkt. # 17 at 3-4.) They further contend Petitioner does not meet the standard for injunctive relief. (*Id.* at 4-8.)

Removing Petitioner from this District and this country would have significant ramifications for the instant Motion as well as the pending habeas petition. Although Respondents contend the Court does not have jurisdiction to resolve the Motion, the Court notes that it has "jurisdiction to determine whether jurisdiction exists." *Shaboyan v. Holder*, 652 F.3d 988, 989 (9th Cir. 2011) (citing *Flores-Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir.2000)).

The Court may grant an emergency motion to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve . . . jurisdiction over the matter."); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). This is particularly so when the order is necessary to prevent action that would otherwise destroy the court's jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906). "The purpose of such relief is 'merely to preserve the relative positions of the

ORDER - 2

parties' pending further proceedings." *A.A.R.P.*, 605 U.S. at 96 (quoting *Lackey v. Stinnie*, 604 U. S. 192, 200 (2025)).

Accordingly, the Court ORDERS as follows:

(1)    Petitioner's Motion (dkt. # 12) is PROVISIONALLY GRANTED, pending the Court's final ruling on the Motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the Motion.

(2)    Respondents are PROHIBITED from removing Plaintiff from either the United States or this jurisdiction, without further order of the Court.

Dated this 19th day of March, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3